**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

**HONORABLE CORMAC J. CARNEY, U.S. DISTRICT JUDGE**

```
IN RE: PFIZER                    )   Certified
                                 )
                                 )   Case No.
                                 )   8:17-mc-00005-CJC-JPR
                                 )
```

REPORTER'S TRANSCRIPT OF
STATUS CONFERENCE
WEDNESDAY, FEBRUARY 1, 2017
9:12 A.M.
SANTA ANA, CALIFORNIA

**DEBBIE HINO-SPAAN, CSR 7953, CRR**
FEDERAL OFFICIAL COURT REPORTER
411 WEST FOURTH STREET, ROOM 1-191
SANTA ANA, CALIFORNIA 92701-4516
dhinospaan@yahoo.com

**UNITED STATES DISTRICT COURT**

```
 1                    APPEARANCES OF COUNSEL:

 2

 3   FOR THE PLAINTIFFS:

 4           HEARD ROBINS CLOUD LLP
             BY:  BILL ROBINS III, ESQ.
 5                JUSTIN R. KAUFMAN, ESQ.
             808 Wilshire Boulevard
 6           Suite 450
             Santa Monica, California 90401
 7           (310) 929-4200

 8   FOR THE DEFENDANT PFIZER, INC.

 9           QUINN EMANUEL URQUHART & SULLIVAN, LLP
             BY:  MARK CHEFFO, ESQ.
10           51 Madison Avenue
             22nd Floor
11           New York, New York 10010
             (212) 849-7000
12
             QUINN EMANUEL URQUHART & SULLIVAN, LLP
13           BY:  J.D. HORTON, ESQ.
             865 South Figueroa Street
14           10th Floor
             Los Angeles, California 90017-2543
15           (213) 443-3000

16   ALSO PRESENT:

17           Charles G. "Chip" Orr, Esq.
             Cherisse H. Cleofe, Attorney at Law
18           Lisa A. Gorshe, Attorney at Law
             Habib Nasrullah, Esq.
19           Sally Hosn, Attorney at Law
             Matthew R. Lopez, Esq.
20           Thomas Sims, Esq.

21

22

23

24

25
```

**SANTA ANA, CALIFORNIA; WEDNESDAY, FEBRUARY 1, 2017**

**9:12 A.M.**

**- - -**

THE COURT: Good morning. All right. Well, I want to thank all of you for being here. I thought it would be productive if we had a brief chat and I gave you some of my thoughts about how I think we should proceed, and then I'd like to hear from any of you. There's not that many people here. I was preparing for over 30 lawyers, I guess.

How many do we have right now on the docket, Melissa?

THE COURTROOM DEPUTY: I don't know. 30, 40, maybe.

THE COURT: Looks like about 30 or 40 lawyers, but looks like we only have about eight or nine on the plaintiff's side. What I thought needs to be done is I have to decide the jurisdictional issue, whether I have jurisdiction over any of these cases. And I think the total now is up to about 130 cases. And so what I want to do is focus on that issue. If I have jurisdiction, I have jurisdiction. And then we can talk about case management of the case. If I don't have jurisdiction over any of these cases, they're going back to State Court.

So I guess maybe my question is more for the plaintiffs' group, is how best can we tee up the jurisdictional issue? Can we have one consolidated motion, or do we have to have a few motions because depending on the case, the jurisdictional

```
          1   analysis is different?  And I don't profess to say I know the
          2   plaintiffs' cases very well, and so I'll be looking for
          3   guidance.  And what I thought I would do is just tee that issue
          4   up to you and then give you a few moments to chat among
09:14AM   5   yourselves, and then you can let me know how best to proceed.
          6        I assume, based on the status report submitted by Pfizer,
          7   that the simpler, the fewer motions, the better, that you would
          8   prefer to do consolidated opposition.  But I need to know on
          9   the plaintiff's side are we talking about one motion, two
09:15AM  10   motions, three motions, four motions?
         11             MR. ROBINS:  May I address the Court, Your Honor?
         12             THE COURT:  Please.  If you could just say who you
         13   are and who you represent.
         14             MR. ROBINS:  Thank you, Your Honor.  I'm Bill
09:15AM  15   Robins, Santa Monica.  And by way of background, I was
         16   appointed by Judge Johnson as one of the members of the
         17   executive committee in the JCCP when these cases were first --
         18   early on when these cases were filed.  The reason you don't
         19   have 30 lawyers here is because we've organized ourselves.  And
09:15AM  20   I'm here speaking on behalf of all the plaintiffs that have
         21   made their way here so far.
         22             THE COURT:  Oh, great.
         23             MR. ROBINS:  And we will suggest to Your Honor that
         24   the orderly way to handle this is through consolidated, and I'm
09:15AM  25   going to say most likely two motions.
```

| | |
|---|---|
| 1 | THE COURT: Okay. |
| 2 | MR. ROBINS: And the reason for that is there is a |
| 3 | distinction between those plaintiffs who originally moved for |
| 4 | the JCCP and then sort of everybody else who did nothing more |
| 09:16AM 5 | than file the lawsuit and got removed. And there is a |
| 6 | distinction, we think, in that, and there's also some |
| 7 | distinctions concerning waiver that we think apply to the first |
| 8 | group that don't apply to the second. And so when we |
| 9 | originally filed our motions way back when and they were -- |
| 09:16AM 10 | most of the cases Your Honor knows are here in front of you, |
| 11 | but there were cases in the Eastern District. There's some |
| 12 | cases up in the Northern District. |
| 13 | The way that it was teed up in most of the districts was |
| 14 | with three groups because of some distinctions that no longer |
| 09:16AM 15 | exist because of Judge Gergel's order. We're now down, I |
| 16 | think, to two groups from the way I can tell in looking at his |
| 17 | order and what's left for Your Honor to decide on the question |
| 18 | of subject matter jurisdiction. So our suggestion would be |
| 19 | that it is a consolidated briefing, that we will file -- and I |
| 09:17AM 20 | think we'll be able to get to a point of having an agreement on |
| 21 | every single plaintiff that is coming here. |
| 22 | One comment I would make is that we've been watching |
| 23 | closely the orders that have been coming out of Judge Gergel |
| 24 | and getting back to the JPML and making their way back here to |
| 09:17AM 25 | Your Honor. There are a few cases that, you know, have not |

1 quite landed at LAX, made their way -- I guess here would be
2 John Wayne, but they haven't made it here yet. They'll be here
3 soon.
4     Judge Gergel just signed another remand order, I'm told,
09:17AM 5 this morning on a case of somebody that was still up there.
6 And there are a few lawyers that are in that group that were
7 not part of the original JCCP leadership, were not part of the
8 steering committee that we formed. I have every expectation
9 that we'll get control over those cases as well and those
09:18AM 10 lawyers will be willing to allow leadership team to, you know,
11 bring them in under the tent. But I would ask the Court within
12 your consideration as we're setting the briefing schedule to
13 give us a little bit of time to let those cases come in here.
14     There may be a few left that for whatever reason still end
09:18AM 15 up in front of Judge Gergel and don't get completely looped in,
16 but just in terms of the efficiency of things, we think that it
17 would be best if we can get all of the cats herded in sort of
18 one or two motions as I'm saying. We're not looking for a lot
19 of time. I was going to suggest to Your Honor 45 days from
09:18AM 20 today for us to file opening briefs. The defense and I have
21 already conferred about this. I think we're in agreement on
22 this. They would file a response 30 days after that; we would
23 file a reply two weeks later. You know, they asked me about a
24 surreply, and I know those are generally discouraged in the
09:19AM 25 Central District. It's up to Your Honor as to how you want to

      1  handle that, but this is a schedule that we were going to
      2  suggest to you.
      3         THE COURT: Sounds great. I'm delighted that you're
      4  on top of this and it's coordinated and organized. I really
09:19AM  5  want to proceed as efficiently as possible, and it sounds like
      6  you got a head start. So I'm very comfortable with that.
      7    What I would ask, then, is if you could submit a proposed
      8  briefing and hearing schedule in an order that I can sign, and
      9  then that will be the order of the Court. One question I need
09:19AM 10  a moment to talk to the clerk of this courthouse as well as my
     11  own clerk is whether we should set up a new case where these
     12  are filed in as opposed to filing the motions in 130 cases, if
     13  you follow me. That's more an internal. I want to make it as
     14  simple for you as possible. So I imagine it would be easier --
09:20AM 15  it's a question, not an argument -- if you just had to file in
     16  one case the two motions or do you see it differently?
     17         MR. ROBINS: Your Honor, we conferred. I conferred
     18  with Mr. Cheffo's colleague about that exact issue yesterday,
     19  and we completely agree with that. That would be the most
09:20AM 20  logical way to do it, you know, with, you know, an exhibit that
     21  picks up all the case numbers that apply. That -- you know,
     22  that makes the most sense. And we would certainly ask Your
     23  Honor if we can do that feasibly here, that would be the best
     24  approach. Because otherwise, we're just -- we have 140 filings
09:20AM 25  and all that and it doesn't really make any logical sense to

|   |   |
|---|---|
| 1 | have to do that, Your Honor.  It's going to be a me too motion |
| 2 | on everything behind it. |
| 3 | And frankly, it may confuse things a little bit because of |
| 4 | the fact that we have -- what I said before, you know, some |
| 09:21AM 5 | distinctions in terms of just which buckets each one goes in. |
| 6 | So if we could sort of handle it exactly the way you're |
| 7 | suggesting, I think it's going to make it a lot easier at the |
| 8 | end of the day for everyone. |
| 9 | THE COURT:  Okay.  So then I guess the question that |
| 09:21AM 10 | I have for you to follow up, should we have one case that you |
| 11 | file it on or two cases that you file it on? |
| 12 | MR. ROBINS:  I think if we can file it in one case, |
| 13 | that would make the most sense and we cross-reference the cases |
| 14 | by case number that it would apply to.  I don't see the |
| 09:21AM 15 | necessity.  Maybe Mr. Cheffo will disagree.  Yeah, I think |
| 16 | that's easiest for us. |
| 17 | THE COURT:  Okay.  Could you give me a moment and |
| 18 | I'll talk to Terri and Melissa here. |
| 19 | **(A discussion was held off the record.)** |
| 09:23AM 20 | THE COURT:  All right.  I think the proposal is |
| 21 | going to work.  What I think I'll have to do is issue a minute |
| 22 | order indicating what the new case number is and indicating in |
| 23 | each individual case all 130, or if that's going to be 140 that |
| 24 | all filings need to be in this new case number.  So if you see |
| 09:23AM 25 | that type of minute order, now you know why. |

```
 1              So I guess the ball, then, is in your court; right?
 2    You're going to submit a stipulation and Proposed Order about
 3    the briefing and hearing schedule?
 4              MR. ROBINS:  Yes, Your Honor.
 5              THE COURT:  And I'll get an order -- minute order
 6    out with a new case number.  And all filings should be in this
 7    new case number.
 8         Okay.  Tell me, is there anything else you'd like to talk
 9    about?
10              MR. ROBINS:  Your Honor, Bill Robins, again, for the
11    plaintiff.  Just as a clarification, you know, I don't -- I
12    can't imagine, as I'm sitting here, anything that would get
13    filed as, you know, the next filing other than the motion,
14    other than you may get CTOs coming back from the JPML for these
15    individual cases.  And so I think -- you know, I'd just make
16    one caveat to what you're saying about this whole organization
17    of one case number.  You know, in a sense, we need to treat
18    this as a mini MDL in that you don't want 140 cases filing -- I
19    don't think you do anyway, because later it would be a problem
20    for things that are unrelated to a common issue.
21              THE COURT:  Right.
22              MR. ROBINS:  And so my suggestion on the minute
23    order would be that it, you know, addresses that it is for
24    matters that are -- you know, have common issues applicable to
25    the entire, you know, cases or something like that so that as
```

```
            1    there may be other case-specific things that theoretically
            2    could come up, you know, I would leave it to you obviously on
            3    how you want to handle pro hac for this, maybe it makes sense
            4    to put that in the general.
09:25AM     5         But for things coming from the JPML initially or
            6    perhaps -- I don't know what, but there may be something that a
            7    lawyer in an individual case or for some reason, you know,
            8    Pfizer needs to file an individual case, I would just leave
            9    that possibility open.
09:25AM    10              THE COURT:  You're right.
           11              MR. ROBINS:  Rather than put everything in one
           12    number.
           13              THE COURT:  You are right.  You are right.  And plus
           14    I wouldn't want to -- we're trying to streamline and have this
09:26AM    15    new case number have the important stuff.  And I don't want to
           16    bog it down with pro hac vice or conditional transfer orders.
           17    I don't want that.  So I agree.
           18              MR. ROBINS:  Okay.
           19              THE COURT:  I'll work with the wording and hopefully
09:26AM    20    it's going to be acceptable.  And if anybody has a problem with
           21    it, you can just let me know.
           22              MR. ROBINS:  Certainly, Your Honor.
           23              THE COURT:  Okay.
           24              MR. CHEFFO:  Good morning, Your Honor.  Mark Cheffo
09:26AM    25    for Pfizer.  I'm going to be brief.  I think you'll also hear
```

```
          1   what I have to say is that, you know, we're in kind of violent
          2   agreement, I think, on most of these issues.  We are fortunate
          3   to have good lawyers on the plaintiff's side at least, and
          4   we've been coordinating well on what makes sense.
09:26AM   5          So I think what you've heard is something that we second
          6   in terms of an orderly process that's kind of most efficient
          7   for the Court and for the parties.  And thank you for that, and
          8   thank you for granting my pro hac.
          9          So with that, I think the only thing -- and I should, just
09:27AM  10   as a housekeeping matter, maybe say it once and get it out of
         11   the way, we have a personal jurisdiction affirmative defense
         12   that it's not something -- we think it will be moot frankly to
         13   the extent that we're here before Your Honor in this Court, as
         14   we think we should be under CAFA.  But to the extent we're not
09:27AM  15   in State Court, I don't want there to be any confusion that we
         16   have waived that issue.  But that's not something I think this
         17   Court is going to need to take up.
         18            THE COURT:  And I saw that in the briefing, and I
         19   don't mean to suggest that you've waived any of your other
09:27AM  20   defenses or arguments or issues that might be there, but all
         21   I'm saying is I don't want to do anything about the case until
         22   I've decided this CAFA is a jurisdictional issue.
         23            MR. CHEFFO:  And we couldn't agree more.  The
         24   jurisdictional issue goes away to the extent that Your Honor
09:28AM  25   determines that there's CAFA jurisdiction.
```

1   So with that, I think that we are prepared to -- you know,
2   I think the one or the two briefs makes some sense.  We've
3   talked about that.  We will do that within 30 days.  I think we
4   had just talked about, you know, a surreply frankly.  That's
09:28AM 5   something we'll wait and see whether you think we need it, you
6   need it, but we'll take that as it comes, Your Honor.
7          THE COURT:  I appreciate it.  I'm not trying to
8   curry anybody's favor, but I appreciate the civility and
9   professionalism.  I haven't had that in a while.  It's been
09:28AM 10  very contentious lately for whatever reason, and it's not
11  productive.  So I appreciate everybody trying to be coordinated
12  and efficient, and I think we have a game plan on how to
13  proceed.  And it sounds like I'll be resolving this
14  jurisdictional issue, it sounds like, in the next 90 days if
09:28AM 15  you're going to be filing in 45 days and with that briefing
16  schedule you talked about.
17         MR. CHEFFO:  Thank you, Your Honor.
18         THE COURT:  Okay.  Thank you.
19         THE COURTROOM DEPUTY:  All rise.
20         **(Proceedings concluded at 9:32 a.m.)**
21                         --oOo--

**UNITED STATES DISTRICT COURT**

*CERTIFICATE OF OFFICIAL REPORTER*

COUNTY OF LOS ANGELES   )
                        )
STATE OF CALIFORNIA     )

        I, DEBBIE HINO-SPAAN, FEDERAL OFFICIAL REALTIME COURT REPORTER, in and for the United States District Court for the Central District of California, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

*Date: February 16, 2017*

                                                                                                            /S/ DEBBIE HINO-SPAAN

                                               *Debbie Hino-Spaan, CSR No. 7953*
                                               *Federal Official Court Reporter*