**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

IN RE: PFIZER

)
)
)
)
)
)
)

CASE NO.: 8:17-mc-00005-CJC-JPR

**<u>PLAINTIFFS' MOTION TO REMAND</u>**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................ii

TABLE OF AUTHORITIES ................................................................. iii

MOTION TO REMAND ........................................................................1

PRELIMINARY STATEMENT ............................................................1

BACKGROUND....................................................................................3

A.  The JCCP was created and, at its peak, coordinated the claims of only nine plaintiffs. ........................................................................4

B.  Only 65 plaintiffs total ever filed papers seeking to be  coordinated into the JCCP. .......................................................................................6

C.  Pfizer attempted to invoke CAFA's mass action provision via a mass removal. .............................................................................................8

D.  The cases languished in the MDL for nearly two years before finding their way back to California for resolution of the CAFA mass action jurisdiction issue...........................................................................................9

ARGUMENT ......................................................................................11

A.  Courts, including the U.S. Supreme Court and the Ninth Circuit,  construe CAFA's mass action provision based on its plain language, which requires both actual and proposed numerosity of 100 or more plaintiffs.....................11

1.  Statutory construction principles. .........................................11

2.  The pertinent CAFA provisions for this proceeding. ............12

B.  There is no CAFA mass action jurisdiction in any of the cases at issue because there is not and never was actual or proposed numerosity of 100 or more plaintiffs.........................................................................................14

1.  No actual or proposed numerosity as to the thousands of plaintiffs who did nothing more than file their claims in California state court. ...............15

a.  No mass action under *Tanoh*. .........................................16

b.  No mass action under *Briggs*...........................................18

2.  No actual or proposed numerosity as to the 65 plaintiffs who either were coordinated into JCCP No. 4761 or who requested to be coordinated into that JCCP...........................................................................................21

CONCLUSION AND REQUEST FOR RELIEF....................................22

CERTIFICATE OF SERVICE.................................................................26

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Bayer Corp.*, 610 F.3d 390 (7th Cir. 2010) .................................. 15, 18

*Briggs v. Merck Sharp & Dohme*, 796 F.3d 1038 (9th Cir. 2015) ........................ 18

*Caraco Pharm. Labs., Ltd. v. Novo Nordisk A/S*, 566 U.S. 399 (2012) ............... 11

*Cooper v. R.J. Reynolds Tobacco Co.*, 586 F. Supp. 2d 1312 (M.D. Fla. 2008). ... 2

*Corber v. Xanodyne Pharms., Inc.*, 771 F.3d 1218 (9th Cir. 2014) .............. passim

*Dunson v. Cordis Corp.*, No. 16-cv-3076-EMC, 2016 WL 5335551 (N.D. Cal.
Sept. 23, 2016) ...................................................................................... 18

*FCC v. AT & T, Inc.*, 562 U.S. 397 (2011) ........................................................... 12

*In re Avandia Marketing, Sales Practice and Prods. Liab. Litig.*, No. 07-md-
1871, 2014 WL 2011597 (E.D. Pa. May 15, 2014) .............................. 15, 18, 19

*Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007 .................................... 2

*Lowery v. Honeywell Int'l, Inc.*, 460 F. Supp. 2d 1288 (N.D. Ala. 2006) ............. 2

*Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736 (2014) .... 2, 12, 14

*Parson v. Johnson & Johnson*, 749 F.3d 879 (10th Cir. 2014) ............................ 18

*Portnoff v. Janssen Pharms., Inc.*, No. 16-5955, 2017 WL 708745, (E.D. Pa. Feb.
22, 2017) ................................................................................................ 22

*Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) .................... 15, 18

iii

*Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013)..................................12

*Tanoh v. Dow Chemical Company*, 561 F.3d 945 (9th Cir. 2009)............16, 17, 18

*U.S. v. Ron Pair Ents., Inc.*, 489 U.S. 235 (1989)..................................12

**Statutes**

28 U.S.C. § 1332.............................................................................3, 20

28 U.S.C. § 1453(c)(2) ........................................................................18

**Other Authorities**

Class Action Fairness Act (CAFA) ...............................................passim

Guyton Knight, *The CAFA Mass Action Numerosity Requirement: Three*

    *Problems With Counting to 100*, 78 FORDHAM L. REV. 1875, 1888 (2010)..2, 14

Mallory Gitt, *Removal Jurisdiction Over Mass Actions*, 90 WASH. L. REV. 453,

    454 (2015) ......................................................................................2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

IN RE: PFIZER

)
)   CASE NO.: 8:17-mc-00005-CJC-
)   JPR
)
)
)
)

## MOTION TO REMAND

PLEASE TAKE NOTICE that all Plaintiffs in all actions listed in attached Schedule "A" move for a remand of these cases to the respective Superior Courts of the State of California in which Plaintiffs individually filed them but from which Defendant Pfizer, Inc. (Pfizer) wrongfully removed them on the erroneous assertion that they somehow constituted a removable "mass action" under the Class Action Fairness Act (CAFA). This motion is made on the grounds that the Court lacks subject matter jurisdiction because Defendant's removal based on CAFA was improper. This motion is based on the foregoing and the Declaration of Charles G. Orr in Support Thereof, along with the exhibits attached thereto, matters that may be judicially noticed, and any oral or documentary evidence that may be presented in the hearing on this matter.

## PRELIMINARY STATEMENT

This remand motion concerns the mass action provision of the Class Action Fairness Act (CAFA). In cases construing the mass action provision, both the

U.S. Supreme Court and the Ninth Circuit Court of Appeals have emphasized that, "[i]n the application of a jurisdictional rule, as well as its establishment, . . . 'simplicity is a virtue.'" *Corber v. Xanodyne Pharms., Inc.*, 771 F.3d 1218, 1224 (9th Cir. 2014) (quoting *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 744 (2014)).

But proper application of CAFA's mass action provision can be very challenging.  Courts have variously described the mass action provision as:

- "an opaque, baroque maze of interlocking cross-references that defy easy interpretation";[1]

- a "Gordian knot";[2] and

- even in the context of CAFA as a whole, "particular[ly] . . . confusing."[3]

Fortunately for this Court, however, although this remand motion implicates CAFA's mass action provision, resolution of the motion is actually quite simple:  A mass action doesn't exist until it numbers 100 or more actual plaintiffs, and that never happened here for any plaintiff or group of plaintiffs.

---

[1] *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1198 (11th Cir. 2007).

[2] *Lowery v. Honeywell Int'l, Inc.*, 460 F. Supp. 2d 1288, 1293 (N.D. Ala. 2006).

[3] *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F. Supp. 2d 1312, 1314 (M.D. Fla. 2008).  These quotes and citations are all taken from Mallory Gitt, *Removal Jurisdiction Over Mass Actions*, 90 WASH. L. REV. 453, 454 (2015).  *See also* Guyton Knight, *The CAFA Mass Action Numerosity Requirement: Three Problems With Counting to 100*, 78 FORDHAM L. REV. 1875, 1888 (2010) ("Applying the plain language of [CAFA's mass action] provision and its numerosity requirement has proved exceedingly difficult.").

CAFA's mass action provision requires two types of numerosity. Under section 1332(d)(5) of CAFA, there must be *actual* numerosity, that is, 100 or more actual named plaintiffs must do something, collectively.[4] And under section 1332(d)(11)(b)(i), there must be *proposed* numerosity, that is, those 100 or more plaintiffs must propose that their claims be tried jointly.

Here, although Pfizer engaged in a *mass removal* of a large number of cases and then claimed these cases were a *mass action*, at no point in time before Pfizer removed these cases were there ever 100 or more plaintiffs who proposed that their cases be tried jointly. Stated differently, neither actual nor proposed numerosity ever existed such that any of these cases morphed from individual actions into a removable mass action. Accordingly, this Court does not have subject matter jurisdiction over any of the cases and Plaintiffs' remand motion should be granted.

## BACKGROUND

These proceedings involve claims of thousands of women that Lipitor, a prescription drug developed and manufactured by Pfizer and marketed and distributed by Defendant McKesson Corporation, caused them to suffer from Type II diabetes. Many of the actions covered by this remand motion were filed

---

[4] Unless otherwise noted, all statutory citations are to 28 U.S.C. § 1332.

3

over three years ago, yet these women not only continue to wait to have their claims resolved, they have yet to even begin the discovery process.   This is because Pfizer chose to attempt to wrongfully deny them their properly chosen forum:  the state courts of California.

### A. The JCCP was created and, at its peak, coordinated the claims of only nine plaintiffs.

On August 16, 2013, three plaintiffs who had filed actions in California state court filed a petition with the California Judicial Council to have their cases coordinated in a Joint Council Coordinated Proceeding (JCCP).  *See* Declaration of Charles G. Orr (Orr Decl.) at ¶ 2 and ex. A (original coordination petition).[5] After additional plaintiffs filed additional state court actions in California, on September 25, 2013, a group of 21 plaintiffs filed an amended coordination petition.  Orr Decl. at ¶ 3 and ex. B (amended coordination petition).[6]

On December 6, 2013, the Judicial Council granted the coordination petition but only included the three cases from the original petition in the newly

---

[5] These cases were:  *Lubenko v. Pfizer, Inc., et al.*, No. 13CV8450 (Amador County Superior Court); *Alvarado v. Pfizer, Inc., et al.*, No. BC518531 (Los Angeles County Superior Court); and *Wakabayashi v. Pfizer, Inc., et al.*, No. BC518223 (Los Angeles County Superior Court).

[6] In addition to the three cases in the original coordination petition, the amended petition included:  *Parker, et al. v. Pfizer, Inc., et al.*, No. CIVDS1311371 (San Bernardino County Superior Court) (nine plaintiffs); *Johnson, et al. v. Pfizer, Inc., et al.*, No. BC521947 (Los Angeles County Superior Court) (three plaintiffs); *Alanis, et al. v. Pfizer, Inc., et al.*, No. 13-CE-CG-02977 (Fresno County Superior Court) (four plaintiffs); *Richards v. Pfizer, Inc., et al.*, No. CIVRS 1306724 (San Bernardino County Superior Court) (one plaintiff); and *Davis v. Pfizer, Inc., et al.*, No. 34-2013-00151922 (Sacramento County Superior Court) (one plaintiff).

4

formed JCCP.  Orr Decl. at ¶ 4 and ex. C (order creating JCCP).  Consistent with California practice, this JCCP was given a separate cause number (JCCP No. 4761) and style (*Lipitor Cases*), but also consistent with California practice, each case coordinated into the JCCP retained its unique cause number in addition to taking on the JCCP cause number.  The presiding judge in Los Angeles County assigned the Lipitor JCCP, with its three cases, to Judge Kenneth Freeman.  Orr Decl. at ¶ 5 and ex. D (order assigning Judge Freeman to JCCP No. 4761).

The typical manner that cases are coordinated into JCCPs is for one of the parties to file pleadings seeking to have the case added on to the JCCP.  Add-on requests can be brought by plaintiffs or defendants, and are often handled by stipulation, as parties recognize the efficiencies that JCCPs provide for pre-trial matters, including discovery, where cases have common issues of fact and/or law.

On January 13, 2014, Judge Freeman entered an order granting an add-on petition seeking to have a single action embracing the claims of four plaintiffs coordinated into JCCP No. 4761, bringing the total number of plaintiffs in the JCCP to seven.  Orr Decl. at ¶ 6 and ex. E (order coordinating case into JCCP).[7]

The very next day, Pfizer filed a peremptory challenge to Judge Freeman's assignment as the coordination judge for JCCP No. 4761, asserting that Judge

---

[7] This case was *Tate, et al. v. Pfizer, Inc. et al.*, No. 37-2013-00067338 (San Diego County Superior Court).

Freeman "is prejudiced against [Pfizer] or its interests or attorneys so that [Pfizer] cannot or believes it cannot have a fair and impartial hearing or trial before Judge Freeman."   Orr Decl. at ¶ 7 and ex. F (peremptory challenge – the quoted language is from the affidavit of Pfizer's counsel in paragraph 2).   Because California law allows each side one automatic peremptory challenge to an assigned coordination judge, Judge Freeman was removed from the JCCP and the presiding judge replaced him with Judge Jane Johnson.  Orr Decl. at ¶ 8 and ex. G (amended order assigning coordination judge).

Judge Johnson thereafter entered orders granting add-on requests filed by two of the plaintiffs included in the amended coordination petition.[8]  This brought the total number of plaintiffs coordinated in JCCP No. 4761 to nine (five of whom were identified in the amended coordination petition).

No additional plaintiffs have ever been added to JCCP No. 4761.

**B.      Only 65 plaintiffs total ever filed papers seeking to be coordinated into the JCCP.**

Following the JCCP's formation, fifteen of the eighteen plaintiffs whose claims were identified in the amended petition for coordination (but whose cases

---

[8] These were:  *Davis v. Pfizer Inc., et al.*, No. 34-2013-00151922 (Sacramento County Superior Court) (one plaintiff) [Orr Decl. at ¶ 9 and ex. H (order coordinating case into JCCP)]; and *Richards v. Pfizer, Inc., et al.*, No. CIVRS1206724 (San Bernardino County Superior Court) (one plaintiff) [Orr Decl. at ¶ 10 and ex. I (order coordinating case into JCCP)].

6

were not included in the JCCP at its inception) filed add-on requests seeking to be coordinated into the JCCP.[9]  These included two plaintiffs whose cases were added on to the JCCP (*see* supra n.8) and thirteen plaintiffs in whose cases the add-on requests were not acted on by the JCCP court before removal by Pfizer.[10] One other group of forty plaintiffs, whose claims were joined in a single complaint, also filed an add-on request seeking coordination into JCCP No. 4761.[11]

This brought the total number of plaintiffs who either were coordinated into the JCCP or who had requested to be added on to the JCCP to 65 (the original 21 plaintiffs in the amended coordination petition [five of whom were coordinated into the JCCP], plus the four plaintiffs in the *Tate* case that were added on to the JCCP by Judge Freeman, plus the 40 additional plaintiffs in the *Lewis* action who sought to be [but were never] added on to the JCCP).

---

[9] Three plaintiffs whose cases were identified in the amended coordination petition did not file an add-on request.  These were the three plaintiffs in *Johnson, et al. v. Pfizer, Inc., et al.*, No. BC521947 (Los Angeles County Superior Court).  *See* Orr Decl. at ¶ 3 and ex. B, pp.4-5 (amended coordination petition).

[10] These were:  *Alanis, et al. v. Pfizer, Inc., et al.*, No. 13-CE-CG02977 (Fresno County Superior Court) (four plaintiffs) [Orr Decl. at ¶ 11 and ex. J (request to coordinate add-on case)]; and *Parker, et al. v. Pfizer, Inc., et al.*, No. CIVD1311371 (San Bernardino County Superior Court) (nine plaintiffs) [Orr Decl. at ¶ 12 and ex. K (request for coordination of add-on case)].

[11] This was *Lewis, et al. v. Pfizer, Inc., et al.*, No. BC535923 (Los Angeles County Superior Court (forty plaintiffs) [Orr Decl. at ¶ 13 and ex. L (request to coordinate add-on case)].

Sixty-five plaintiffs coordinated or seeking coordination is as high as the number ever got. At no point did 100 or more plaintiffs ever get coordinated or seek coordination into the JCCP. *See* Appendix A to this Motion to Remand (List of Cases in Which Plaintiffs Either Were Coordinated into JCCP No. 4761 or Sought to be Coordinated into JCCP No. 4761).

### C.   Pfizer attempted to invoke CAFA's mass action provision via a mass removal.

There was one status conference for the Lipitor JCCP before Pfizer engaged in mass removal practice. That conference took place on February 24, 2014. During that conference, the nine plaintiffs who were in the JCCP made clear their understanding that the JCCP was "for discovery purposes." Orr Decl. at ¶ 14 and ex. M (status conference transcript) at 17:13-14. This was important to those plaintiffs because CAFA's mass action provision expressly provides that a case coordinated or consolidated for pre-trial purposes only is not a removable mass action. *See* § 1332(d)(11)(B)(ii)(IV).

Nonetheless, at around that same time, other plaintiffs began filing Lipitor actions in California. Even though none of these newly filed cases contained 100 or more plaintiffs, and even though the plaintiffs in these cases did nothing more than simply file their actions in California state court, Pfizer attempted to impute the amended coordination petition to those plaintiffs and began quickly and

systematically removing every California state court Lipitor action. Orr Decl. at ¶ 15. Pfizer's removal pleadings invoked two alleged bases for federal subject matter jurisdiction: diversity jurisdiction based on fraudulent joinder (and in some cases procedural misjoinder); and CAFA mass action jurisdiction. Orr Decl. at ¶ 15.

   **D.    The cases languished in the MDL for nearly two years before finding their way back to California for resolution of the CAFA mass action jurisdiction issue.**

As this Court may recall, Pfizer coupled this mass removal with motions to stay in the federal district courts pending transfer to the Lipitor MDL in South Carolina. Orr Decl. at ¶ 16. While some removed plaintiffs acquiesced in the transfer of their cases to the MDL and chose at that time not to seek remand to California state court, many removed plaintiffs immediately advised the MDL court that they would be seeking remand to California and asked the MDL court to stay their actions pending determination of the threshold question of federal subject matter jurisdiction. Orr Decl. at ¶ 16. At these plaintiffs' request, the MDL court stayed the California state court actions pending resolution of the subject matter jurisdiction issue.[12]

---

[12] The stay order effectively halted the California state court cases in their entirety, except for the requirement (requested by Pfizer) that the California state court plaintiffs would be bound by the depositions of common witnesses taken in the MDL. Orr Decl. at ¶ 16 and ex. N (MDL order staying California remand cases).

9

Among other arguments made by plaintiffs in their remand motions, plaintiffs argued that transfer of the cases to the MDL was improper because CAFA contains a provision that precludes courts from transferring mass actions into MDL courts unless more than 50% of the affected plaintiffs agree to the transfer. § 1332(d)(11)(C)(i).  When the MDL court finally reached the merits of the remand motions, the court agreed with plaintiffs that diversity jurisdiction did not exist.  Orr Decl. at ¶ 17 and ex. O (November 2016 remand order from MDL for majority of cases at issue now).  But because of section 1332(d)(11)(C)(i), the court held that, having determined that the only possible basis for federal subject matter jurisdiction was CAFA's mass action provision and because a majority of plaintiffs did not consent to transfer to the MDL, the result compelled by CAFA's plain language was to suggest to the JPML that the cases be remanded back to the California federal courts to which Pfizer mass-removed them.  Orr Decl. at ¶ 15 and ex. M.

And that is how we arrived here, in this Court, now.  The cases that, over three years ago, Pfizer mass-removed to the Central District of California are back, still awaiting resolution of the issue of where these cases will be litigated.  Because CAFA's numerosity requirement was never met, there never has been federal court jurisdiction, and it is now time for this Court to remand the cases back to California state court.

1

2

**ARGUMENT**

3
    This Court lacks subject matter jurisdiction under CAFA's mass action

4
provision for the simple reason that at no point in time before Pfizer's mass

5
removal of the cases at issue did 100 or more plaintiffs ever propose that their

6

7
cases be tried jointly.  CAFA's mass action provision excludes from the definition

8
of a "mass action" any actions where the proposal for a joint trial comes from the

9
defendant.  This exception applies in cases like this, where the joint trial proposal

10

11
is found solely in the defendant's mass removal of cases with less than 100

12
plaintiffs in each case, and where no group of 100 or more plaintiffs themselves

13
have proposed that their cases be tried together.

14

15
    **A. Courts, including the U.S. Supreme Court and the Ninth Circuit,**
        **construe CAFA's mass action provision based on its plain language,**

16
        **which requires both actual and proposed numerosity of 100 or more**

17
        **plaintiffs.**

18
        **1.  Statutory construction principles.**

19

20
    Whether a case can be removed under CAFA as a mass action is a question

21
of statutory construction.  In statutory construction cases, courts "begin 'where all

22
such inquiries must begin:  with the language of the statute itself.'"  *Caraco*

23

24
*Pharm. Labs., Ltd. v. Novo Nordisk A/S*, 566 U.S. 399, 412 (2012) (quoting *U.S.*

25
*v. Ron Pair Ents., Inc.*, 489 U.S. 235, 241 (1989)).  This principle applies to

26
statutory construction of CAFA's mass action provision.  *Miss. ex rel Hood v. AU*

27

28

*Optronics Corp.*, 134 S. Ct. 736, 741 (2014) ("Our analysis [of CAFA's mass action provision] begins with the statutory text."). Where CAFA does not specifically define a term, courts give those terms their plain meaning. *Id.* at 744 (construing the term "plaintiffs" as used in CAFA's mass action provisions "in accordance with its usual meaning"); *see also FCC v. AT & T, Inc.*, 562 U.S. 397, 403 (2011) ("When a statute does not define a term, we typically give the phrase its ordinary meaning.") (internal quotation omitted).

In construing the very mass action provisions at issue here, namely, sections 1332(d)(11) and 1332(d)(5), the Supreme Court in *Hood* reiterated its preference for construction of jurisdictional statutes that results in "straightforward, easy to administer rule[s]." 134 S. Ct. at 744. As noted above, when deciding what constitutes a "mass action," both the Ninth Circuit and the Supreme Court emphasized that "'when judges must decide jurisdictional matters, simplicity is a virtue.'" *Id.* (quoting *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013)); *see also Corber*, 771 F.3d at 1224.

### 2. The pertinent CAFA provisions for this proceeding.

Section 1332(d)(11)(B)(i) defines a "mass action" as "any civil action (except a [class action] ) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact[.]" Setting aside the other components of a

12

mass action, this subsection contains a clear numerosity requirement – "100 or more persons."

Section 1332(d)(11)(A) incorporates other jurisdictional requirements from CAFA into those necessary to make a mass action removable (i.e., to give federal courts subject matter jurisdiction). That section provides that "a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) [of section 1332(d)] if it otherwise meets the provisions of those paragraphs."

Of the CAFA provisions so incorporated into the mass action provision's grant of federal jurisdiction, section 1332(d)(5)(B) is pertinent in this matter. Section 1332(d)(5) says that "[p]aragraphs (2) through (4) [of section 1332(d)] shall not apply to any class action in which . . . (B) the number of members of all proposed plaintiff classes in the aggregate is less than 100." Paragraph (2) affords federal district courts subject matter jurisdiction over class actions involving minimal diversity (i.e., only one plaintiff and one defendant need be diverse) and where the amount in controversy exceeds the sum of $5,000,000 (exclusive of costs and interest). Section 1332(d)(5)(B), then, adds a numerosity requirement: the "proposed plaintiff classes" must include 100 or more members.

Finally, section 1332(d)(11)(B)(ii) contains four "exceptions" to the definition of a mass action in (B)(i). One of these, subsection (B)(ii)(II), excepts

from the definition of a mass action situations where "the claims are joined upon motion of a defendant."

Read together, then, sections 1332(d)(5)(B) and 1332(d)(11)(B) encompass both *actual* numerosity (there must be 100 or more plaintiffs in a mass action for it to be a removable mass action) and *proposed* numerosity (those 100 or more plaintiffs must *propose* that their claims be tried jointly).[13]  In other words, until 100 or more actual plaintiffs have joined in a proposal that their claims be tried jointly, there is no numerosity and therefore no removable mass action.[14]

**B.  There is no CAFA mass action jurisdiction in any of the cases at issue because there is not and never was actual or proposed numerosity of 100 or more plaintiffs.**

In its removal papers and in prior remand briefing, Pfizer has complained that the California state court Lipitor plaintiffs have tried to "game" the system by structuring their complaints strategically to avoid having 100 or more plaintiffs in any given suit.  But as courts construing the CAFA mass action provision have

---

[13] *See Hood*, 134 S. Ct. at 742 ("[T]he term 'persons' in § 1332(d)(11)(B)(i) refers to the individuals who are proposing to join as plaintiffs in a single action. . . . Congress meant for the '100 or more persons' and the proposed 'plaintiffs' to be one and the same."); *id.* at 746 (noting that "[b]y prohibiting defendants from joining unnamed individuals to a lawsuit in order to turn it into a mass action, Congress demonstrated its focus [in the definition of 'mass action'] on the persons who are actually proposing to join together as named plaintiffs in the suit").

[14] *See, e.g.*, *Corber*, 771 F.3d at 1223 ("[Plaintiffs] do not propose a joint trial simply by structuring their complaints so as to avoid the 100-plaintiff threshold. . . . That is not surprising, and it is analogous to the fact that individuals and corporations can structure transactions so as to avoid statutory prohibitions or terms."); Knight, *supra* n.3, 78 FORDHAM L. REV. at 1900 ("CAFA enunciated a hard numerosity threshold in its mass action definition.").

recognized time and again (including the Ninth Circuit), this approach by plaintiffs to avoid invoking federal jurisdiction is perfectly permissible, as plaintiffs remain the masters of their complaints. *See, e.g.*, *Corber*, 771 F.3d at 1223 ("[I]f the mass action provision's requirements are not met, we cannot ignore its terms based on general statements in CAFA's legislative history or the theory that plaintiffs should not be able to 'game' jurisdictional statutes to remain in state court . . . [P]laintiffs are the 'masters of their complaints' who may structure those complaints to avoid federal jurisdiction in some circumstances.").[15]

### 1. No actual or proposed numerosity as to the thousands of plaintiffs who did nothing more than file their claims in California state court.

For the over 4,500 plaintiffs who did nothing more than file their claims in California state courts after the JCCP was created, their cases fall squarely within the holding of the Ninth Circuit in *Tanoh v. Dow Chemical Company*, 561 F.3d

---

[15] *See also Scimone v. Carnival Corp.*, 720 F.3d 876, 882, 884 (11th Cir. 2013) (holding that plaintiffs who structure their claims to have less than 100 claimants in separate complaints do not "propose" a mass action and noting that "we would hardly say that a mouse 'proposes' to be eaten by a cat when it makes the mistake of being seen by the cat, recognizes the danger, and then quickly scurries away"); *Anderson v. Bayer Corp.*, 610 F.3d 390, 393-94 (7th Cir. 2010) (rejecting defendant's argument that plaintiffs' strategic filing to avoid CAFA's "100 persons or more" numerosity requirement is "a transparent attempt to circumvent CAFA and, as such, should be treated as a single mass action"); *In re Avandia Marketing, Sales Practice and Prods. Liab. Litig.*, No. 07-md-1871, 2014 WL 2011597, *9 (E.D. Pa. May 15, 2014) (after rejecting defendant's argument that plaintiffs impliedly requested a joint trial by filing claims in California state court where a JCCP was pending, stating: "Strict rules [like the mass action numerosity requirement] can be gamed. Jurisdictional rules are strict. It is no surprise that litigants seek to game jurisdictional rules. Here, plaintiffs are gaming the rules and winning [the "no numerosity" argument].").

945 (9th Cir. 2009). *Tanoh* construed the numerosity requirement by its plain terms and strictly, and the en banc Ninth Circuit in *Corber* made clear that *Tanoh* remains the law in the Ninth Circuit. *See Corber*, 771 F.3d at 1223 (rejecting argument that *Tanoh* was no longer good law and noting that "*Tanoh* holds, consistent with the plain language of CAFA, that the proposal to try claims jointly must come from the plaintiffs, not from the defendants [and] plaintiffs can structure actions in cases involving more than 100 potential claimants so as to avoid federal jurisdiction under CAFA").[16]

### a.   No mass action under *Tanoh*.

In *Tanoh*, the defendants removed seven California state court actions, each of which contained less than 100 plaintiffs, claiming that because the plaintiffs raised similar claims against the same defendants, the cases should be treated as a "mass action" for purposes of federal jurisdiction under CAFA. The Ninth Circuit had little trouble rejecting this argument on the plain language of CAFA's mass action provision:

> CAFA's "mass action" provision applies only to civil actions in which the "monetary relief claims of 100 or more persons are proposed to be tried jointly." 28 U.S.C. § 1332(d)(11)(B)(i). By its

---

[16] Actual numerosity was not an issue in *Corber*, which made clear that (1) only the "proposed to be tried jointly" requirement was at issue in that case, and (2) the plaintiffs in the coordination petitions in that case "in total number[ed] far more than 100." 771 F.3d at 1222-23 ("CAFA further extends federal jurisdiction over 'mass action' cases when several requirements are met, although only the 'proposed to be tried jointly' requirement is at issue here.").

1
2
3

> plain terms, § 1332(d)(11) therefore does not apply to plaintiffs' claims in this case, as none of the seven state court actions involves the claims of one hundred or more plaintiffs, and neither the parties nor the trial court has proposed consolidating the actions for trial.

4
5
6
7
8
9

*Id.* at 953.  The Ninth Circuit rejected the defendants' argument that a proposal for a joint trial could somehow be imputed to the seven different filings because, according to the defendants, it was apparent that the plaintiffs were pleading their claims in a way to avoid "mass action" removal.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

The court noted that, in simply filing their actions in state court, the plaintiffs had not "proposed" anything, much less a "joint trial."  *Id.* at 953-54. Rather, in basing removal on speculation that the plaintiffs were "artificially structur[ing]" their lawsuits to avoid "mass action" jurisdiction and engaging in a mass removal of disparate, disconnected cases, the defendants themselves were the ones suggesting coordination, which provides no basis for mass action jurisdiction.  *Id.* (citing 28 U.S.C. § 1332(d)(11)(B)(ii)(II), which provides that "mass action" does not include any civil action in which "the claims are joined upon motion of a defendant").  Because none of the seven state court actions removed to federal court involved the claims of 100 or more plaintiffs proposed to be tried jointly, the *Tanoh* court correctly concluded that "the actions are therefore not removable to federal court under CAFA."  *Id.* at 956.[17]

26
27
28

---

[17] *See also Parson v. Johnson & Johnson*, 749 F.3d 879, 886 (10th Cir. 2014) (holding that mere filing of multiple actions, each with less than 100 plaintiffs but with common questions of

Similarly here, all but 65 of the plaintiffs at issue have done nothing more than file California state court actions.   No complaint included 100 or more plaintiffs.  None of this cluster of plaintiffs requested or "proposed" coordination. Pfizer's "mass removal" of these cases, like the defendants' mass removal in *Tanoh*, does not make the cases a "mass action."

   **b.**  **No mass action under *Briggs*.**

Indeed, post-*Corber*, in *Briggs v. Merck Sharp & Dohme*, 796 F.3d 1038 (9th Cir. 2015), the Ninth Circuit rejected the argument that the mere filing in a California state court of an action that could (and likely would) be coordinated into an existing JCCP gives rise to federal mass action jurisdiction.  In *Briggs*, the defendants removed, on CAFA mass action grounds, five separate actions that shared common questions of fact and law with cases already coordinated in a

---

law and fact as to plaintiffs and defendant, did not create a removable mass action under CAFA); *Scimone*, 720 F.3d at 884 ("Every other court of appeals confronted with this question has come to the same conclusion: that plaintiffs have the ability to avoid § 1332(d)(11)(B)(i) jurisdiction by filing separate complaints naming less than 100 plaintiffs and by not moving for or otherwise proposing joint trial in the state court."); *Anderson*, 610 F.3d at 392-93 (construing the numerosity requirement to "[give] plaintiffs the choice to file separate actions that do not qualify for CAFA [mass action] jurisdiction"); *Dunson v. Cordis Corp.*, No. 16-cv-3076-EMC, 2016 WL 5335551, *2 (N.D. Cal. Sept. 23, 2016) ("[I]n accord with the 'well-established rule that plaintiffs, as masters of their complaint, may choose their forum by selecting state over federal court and with the equally well-established presumption against federal removal jurisdiction,' plaintiffs may defeat CAFA jurisdiction by structuring their complaints to avoid it, such as by filing multiple complaints each with fewer than 100 plaintiffs.") (*Dunson* is pending on appeal to the Ninth Circuit and will be decided no later than mid-April, *see* 28 U.S.C. § 1453(c)(2)); *Avandia*, 2014 WL 2011597, at *8 ("CAFA gives federal courts jurisdiction over plaintiffs in a mass action only where more than 100 plaintiffs are proposed – by those plaintiffs – to be tried jointly.  If the same plaintiffs' lawyer brings multiple actions with fewer than 100 plaintiffs, those cases will not be mass actions under CAFA unless the plaintiffs, explicitly or implicitly, propose a joint trial.").

18

state court JCCP.  In considering whether any of these five sets of plaintiffs had "proposed" a "joint trial" within the meaning of CAFA, the Ninth Circuit focused on the meaning, if any, that could be derived from the simple act of filing one's action in California state court while a JCCP was already pending in California.

Unsurprisingly, the Ninth Circuit held that the mere act of filing in a California state court under these circumstances is not a "proposal" (explicit or implicit) for a "joint trial" under CAFA:  "It . . . follows from our understanding of 'proposal' that plaintiffs in none of the five cases [at issue] proposed a joint trial merely by filing their cases in the California state court system, when a consolidated proceeding covering similar claims, initiated by defendants, was underway in a California court."  796 F.3d at 1049.[18]

The *Briggs* court also addressed the question of whether the mere act of filing an add-on petition can, alone, be a "proposal" for a "joint trial."  The answer in *Briggs* was no.  Addressing the only set of plaintiffs from the five sets of plaintiffs in the case who actually filed an add-on petition, the Ninth Circuit examined the language in the add-on petition itself to determine whether those plaintiffs, in their add-on petition, requested a "joint trial."  *Id.* at 1050-51.  The

---

[18] It would make no difference in this analysis if the JCCP was initiated by plaintiffs instead of defendants.  In *Avandia*, for example, the district court held that mere filing of actions in California state court while a plaintiff-initiated JCCP was pending was insufficient without more to create a removable mass action.  2014 WL 2011597, at *7 (noting existence of plaintiff-initiated JCCP and rejecting argument that, by filing in California state court, actions with less than 100 plaintiffs were removable mass actions).

19

*Briggs* panel recalled that in *Corber*, the en banc Ninth Circuit "envision[ed] a [JCCP] petition that expressly seeks to limit its request for coordination to pre-trial matters, and thereby align with the mass action provision's exception [under] § 1332(d)(11)(B)(ii)(IV)." *Id.* at 1050 (quoting *Corber*, 771 F.3d at 1224).  The add-on petition at issue in *Briggs* stated that plaintiffs "do not seek joint trials of any cases or plaintiffs, but rather, all claims shall be tried individually." *Id.*  It thus came within the express exception in CAFA's mass action provision for "claims that have been consolidated or coordinated solely for pretrial purposes." *Id.* at 1050 (quoting 28 U.S.C. § 1332(d)(11)(B)(ii)(IV)).[19]

The import of this holding for this remand motion is clear:  Plaintiffs cannot be treated as if they have filed their actions collectively just because they could have done so or because it is likely their claims will be joined to an existing JCCP.  *Id.* at 1049 ("[P]laintiffs filed their complaints with the knowledge that there was a strong likelihood that their cases would be joined in the Byetta JCCP.  This likelihood alone cannot trigger CAFA's mass action jurisdiction, for some entity – either one of the parties or the state court – would have to take some action to effectuate the joinder.").  Instead, the court must look to each plaintiff's pleadings to see if that plaintiff has taken action to join her cases to a sufficient

---

[19] The Ninth Circuit also held in *Briggs* that "a bellwether trial is not, without more [e.g., application of issue or claim preclusion to the claims of more than 100 other plaintiffs], a joint trial within the meaning of CAFA." *Id.* at 1051.

20

number of other plaintiff's cases (totaling 100 or more) to meet the mass action's numerosity requirement.

Here, the overwhelming majority of plaintiffs (all but 65) did nothing but file their claims in California state court. That is all they have ever done, and that is plainly not enough to trigger federal subject matter jurisdiction under CAFA.

### 2. No actual or proposed numerosity as to the 65 plaintiffs who either were coordinated into JCCP No. 4761 or who requested to be coordinated into that JCCP.

As for the 65 plaintiffs who were coordinated into the Lipitor JCCP or affirmatively asked to be joined to that JCCP, they too have not made their cases removable as mass actions under CAFA. The reason why is simple: 65 is less than 100. CAFA's mass action provision simply is not triggered by joinder of 65 claims, even if those claims are joined for a proposed joint trial.[20]

---

[20] Pfizer has argued in prior pleadings that the language used by these 65 plaintiffs – in the amended petition for coordination and in add-on requests – is virtually identical to the language that the en banc Ninth Circuit found in *Corber* amounted to a proposal for a joint trial. Even assuming Pfizer is correct in this assertion, a point that plaintiffs do not concede, the dispositive fact remains: It does not matter because the numerosity requirement of 100 or more persons for a mass action simply was not met as to these plaintiffs. Indeed, Pfizer seems to have removed these 65 plaintiffs' cases prematurely, before 35 other plaintiffs could file an add-on request similar to those filed by the 65. *Compare Portnoff v. Janssen Pharms., Inc.*, No. 16-5955, 2017 WL 708745, *6-8 (E.D. Pa. Feb. 22, 2017) (rejecting plaintiffs' argument that defendants did not timely remove cases as mass action because no mass action existed until 100 or more plaintiffs joined in request for consolidation and refusing to count toward the numerosity requirement plaintiffs whose cases were proposed to be consolidated by other plaintiffs who did not have authority to bind those plaintiffs to a consolidation request).

## CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that this Court grant this motion to remand and remand their actions back to California state court. Plaintiffs further seek such other relief to which they may be justly entitled.

Dated: March 20, 2017.

Respectfully submitted,

**ROBINS CLOUD LLP**

By: /s/ Bill Robins III
Bill Robins III
808 Wilshire Blvd #450
Santa Monica, CA 90401
(310) 929-4200

Justin R. Kaufman
505 Cerrillos Road, Suite A209
Santa Fe, NM 87501
(505) 986-0600

Patrick J. Mulligan
Charles G. Orr
Eric Gruenwald
**THE MULLIGAN LAW FIRM**
3710 Rawlins Street, Suite 901
Dallas, TX 75219
(214) 219-9779

Laura Baughman
Thomas M. Sims
**BARON & BUDD, P.C.**
3102 Oak Lawn Ave, Suite 1100

22

Dallas, TX 75219
(214) 521-3605

Paul R. Kiesel
Helen Zukin
Cherisse Cleofe
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
(310) 854-4444

William B. Curtis
**CURTIS LAW GROUP**
12225 Greenville Ave, Suite 750
Dallas, TX 75243
214-890-1000

John J. Driscoll
Christopher J. Quinn
**THE DRISCOLL FIRM**
211 North Broadway
40th Floor
Saint Louis, MO 63102
(314) 932-3232

Thomas John Brandi
Casey Aron Kaufman
**THE BRANDI LAW FIRM**
354 Pine Street
Third Floor
San Francisco, CA 94104
(415) 989-1800

Donald S. Edgar
**EDGAR LAW FIRM**
408 College Avenue
Santa Rosa, CA 95401
(707) 545-3200

23

Michael Akselrud
**LANIER LAW FIRM**
10866 Wilshire Blvd., Suite 400
Los Angeles, CA  90024
(310) 277-5100

Baird A. Brown
**BAIRD A. BROWN LAW OFFICES**
3055 Wilshire Blvd., Suite 1200
Los Angeles, CA  90010
(213) 487-8880

Dan Gruber
**GRUBER & GRUBER**
15165 Ventura Blvd., Suite 400
Sherman Oaks, CA  91403
(818) 981-0066

Keith L. Altman
**THE LAW OFFICES OF KEITH ALTMAN**
32250 Calle Avella
Temecula, CA  92591
(516) 456-5885

Jennifer Williams
**JACKSON ALLEN & WILLIAMS, LLP**
3838 Oak Lawn Ave., Suite 1100
Dallas, TX  75219
(214) 521-2300

Lisa A. Gorshe
**JOHNSON BECKER PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN  55101
(612) 436-1800

24

Crystal Gayle Foley
**SIMMONS HANLY CONROY LLC**
100 North Sepulveda Blvd., Suite 1350
El Segundo, CA  90245
(310) 322-3555

Ellen A. Presby
**NEMEROFF LAW FIRM**
2626 Cole Avenue, Suite 450
Dallas, TX  75204
(214) 774-2258

Amorina Patrice Lopez
Matthew Ramon Lopez
Ramon Rossi-Lopez
**LOPEZ McHUGH LLP**
100 Bayview Circle, Suite 5600
Newport Beach, CA  92660
(949) 737-1501

Jeffrey Raizner
Amy Hargis
**RAIZNER SLANIA LLP**
2402 Dunlavy St.
Houston, TX  77006
(713) 554-9099

**ATTORNEYS FOR PLAINTIFFS**

25

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2017, the foregoing Plaintiffs' Motion to Remand was electronically filed through the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

　　　　　　　　　　　　　 _/s/ Bill Robins III_____

　　　　　　　　　　　　　 Bill Robins III

　　　　　　　　　　　　　 **ROBINS CLOUD LLP**

　　　　　　　　　　　　　 808 Wilshire Blvd #450

　　　　　　　　　　　　　 Santa Monica, CA 90401

　　　　　　　　　　　　　 robins@robinscloud.com

　　　　　　　　　　　　　 Attorney for Plaintiffs

# Appendix A
# to Motion to Remand

**LIST OF CASES IN WHICH PLAINTIFFS EITHER WERE
COORDINATED INTO JCCP NO. 4761 OR SOUGHT TO BE
COORDINATED INTO JCCP NO. 4761**

| Case Style | Number of Plaintiffs |
|---|---|
| *Lubenko v. Pfizer, Inc., et al.*, No. 13CV8450 (Amador County Superior Court) | 1 |
| *Alvarado v. Pfizer, Inc., et al.*, No. BC518531 (Los Angeles County Superior Court) | 1 |
| *Wakabayashi v. Pfizer, Inc., et al.*, No. BC518223 (Los Angeles County Superior Court) | 1 |
| *Parker, et al. v. Pfizer, Inc., et al.*, No. CIVDS1311371 (San Bernardino County Superior Court) | 9 |
| *Johnson, et al. v. Pfizer, Inc., et al.*, No. BC521947 (Los Angeles County Superior Court) | 3 |
| *Alanis, et al. v. Pfizer, Inc., et al.*, No. 13-CE-CG-02977 (Fresno County Superior Court) | 4 |
| *Richards v. Pfizer, Inc., et al.*, No. CIVRS 1306724 (San Bernardino County Superior Court) | 1 |
| *Davis v. Pfizer, Inc., et al.*, No. 34-2013-00151922 (Sacramento County Superior Court) | 1 |
| *Tate, et al. v. Pfizer, Inc. et al.*, No. 37-2013-00067338 (San Diego County Superior Court) | 4 |
| *Lewis, et al. v. Pfizer, Inc., et al.*, No. BC535923 (Los Angeles County Superior Court) | 40 |
| **TOTAL NUMBER OF PLAINTIFFS**: | **65** |