QUINN EMANUEL URQUHART & SULLIVAN, LLP
Marshall M. Searcy III (Bar No. 169269)
marshallsearcy@quinnemanuel.com
J.D. Horton (Bar No. 192836)
jdhorton@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Mark S. Cheffo (admitted *pro hac vice*)
markcheffo@quinnemanuel.com
51 Madison Ave., 22nd Fl.
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendants Pfizer Inc. and Greenstone LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE : PFIZER | Case No.: 8:17-MC-00005-CJC-JPR |
| | PFIZER'S *EX PARTE* APPLICATION FOR STAY PENDING APPEAL |
| | Judge: Hon. Cormac J. Carney<br>Hearing date: TBD<br>Hearing time: TBD |

Defendant Pfizer Inc. hereby moves on an ex parte basis for a stay of the order remanding these action pending the disposition of its forthcoming motion for permission to appeal under 28 U.S.C. § 1453(c). That motion is due to be filed on June 2, 2016. This Court has jurisdiction to grant this application for a stay notwithstanding the fact it has begun the process of closing these cases and returning them to state court. *See Vasquez v. Johnson & Johnson*, 2014 WL 7272242, at *2 (C.D. Cal. Dec. 17, 2014). Pfizer submits this motion by ex parte application in order to prevent the unnecessary transmittal of records to state court that would occur with a motion by notice. All counsel have been advised by telephone of Pfizer's intent to make this application (see Appendix A below) and have received electronic notice of this filing.

By order dated May 23, 2017, this Court ordered the remand of more than 120 Lipitor products liability actions brought on behalf of nearly 5,000 Plaintiffs (the "Remand Order"). The Court held that it lacks subject matter jurisdiction under the mass action provisions of the Class Action Fairness Act (CAFA) based on its finding there was no proposal that claims of more than 100 persons be tried jointly. For the reasons set forth in its briefing, at the hearing held on May 22, 2017, and below, Pfizer respectfully submits that the Remand Order is in conflict with Supreme Court and Ninth Circuit precedents concerning CAFA, including the Ninth Circuit's *en banc* decision in *Corber v. Xanodyne Pharmaceuticals, Inc.*, 771 F.3d 1218 (9th Cir. 2014). Pfizer intends to exercise its right under CAFA to move for permission to appeal this ruling to the Ninth Circuit, which shall be filed in ten days. *See* 28 U.S.C. § 1453(c). In order to prevent irreparable harm to Pfizer and preserve the status quo of these cases pending adjudication of Pfizer's motion for permission to appeal, Pfizer accordingly moves to stay the Remand Order pending the filing of its motion for permission to appeal.

# ARGUMENT

Although remand orders are not generally appealable, Congress enacted an exception to that rule in CAFA, authorizing motions for permission to appeal orders determining jurisdiction under CAFA. *See* 28 U.S.C. § 1453(c). This Court therefore retains jurisdiction over Pfizer's Motion to Stay because the remand order is appealable under CAFA. When a remand order is appealable, such as under CAFA, a district court has continuing jurisdiction to "reopen a previously remanded case" and, *inter alia*, review, vacate, stay or reinstate that order. *Vasquez v. Johnson & Johnson*, 2014 WL 7272242, at *2 (C.D. Cal. Dec. 17, 2014) (vacating remand order in light of change in law from decision in *Corber*).[1] Thus, a district court may consider an application to stay remand even where it has already certified and sent a copy of its remand order to the state court. *See id.*

A stay pending appeal is warranted here. Whether to issue a stay is "an exercise of judicial discretion . . . to be guided by sound legal principles." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citations omitted). In evaluating a request for a stay pending appeal, the Ninth Circuit balances four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

---

[1] *See also, e.g.*, *In re Shell Oil Co.*, 631 F.2d 1156, 1157-58 (5th Cir. 1980) (where an exception allows for appellate review of a remand order, the "district court has jurisdiction to review its own order" and may "vacate or reinstate that order."); *Rappuchi v. Johnson & Johnson*, 2014 WL 7272426, at *2 (C.D. Cal. Dec. 17, 2014) (CAFA provides "an exception to the general rule that remand orders are not appealable, and [that] courts have interpreted it to therefore provide continuing jurisdiction to reopen a previously remanded case."); *Dalton v. Walgreen Co.*, No. 4:13 CV 603 RWS, 2013 WL 2367837, at *1 (E.D. Mo. May 29, 2013) ("Exercising limited jurisdiction to stay a CAFA remand order is appropriate in light of the statutory scheme allowing immediate appeal of such orders.").

(4) where the public interest lies." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken*, 556 U.S. at 434)). Although "[t]he first two factors are the most critical," *Nken*, 556 U.S. at 434, the Ninth Circuit balances all four factors under a flexible "sliding scale approach," *Leiva-Perez v. Holder*, 640 F.3d 962, 964-66 (9th Cir. 2011). Here, all four factors weigh in favor of granting Pfizer's Motion to Stay.

### A.     Pfizer Is Likely to Prevail on the Merits

The first prong of the stay factors supports Pfizer's need for a stay of the Remand Order. A party seeking a stay need not demonstrate that success on the merits "is more likely than not" in order to satisfy the first factor supporting a stay, *Leiva-Perez*, 640 F.3d at 968, but rather need only show that its appeal presents "a substantial case for relief on the merits," a standard the Ninth Circuit found to be "essentially interchangeable" with other formulations, including whether the appeal presents "serious legal questions," or has a "reasonable probability" or "fair prospect" of success. *Id.* at 967-68 (citations omitted). Pfizer is likely to prevail on an appeal of the Remand Order here for at least three reasons, which will be set forth more fully in Pfizer's forthcoming motion for permission to appeal.

*First*, at the outset, CAFA must be construed according to its "primary objective" of "'ensuring Federal court consideration of interstate cases of national importance.'" *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013). Indeed, "[n]o antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 554 (2014). Rather, as the Ninth Circuit has recently held, "Congress and the Supreme Court have instructed us to interpret CAFA's provisions under section 1332 broadly in favor of removal." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

*Second*, the Court's Remand Order turned on its holding that only Plaintiffs who affirmatively file an add-on petition themselves are subject to mass action jurisdiction. However, CAFA does not confer jurisdiction on those who "propose,"

Case 8:17-mc-00005-CJC-JPR Document 22 Filed 05/23/17 Page 5 of 12 Page ID #:1052

but rather on those whose claims "are proposed to be tried jointly." 28 U.S.C. 1332(d)(11). As the Court acknowledged in the Remand Order, "[t]he Ninth Circuit has so far declined to specify exactly who must make a proposal for a joint trial to trigger CAFA's mass action provision." (Remand Order at 10.) Yet in the *Corber* litigation, the Ninth Circuit held that mass action jurisdiction extended both to other cases filed by the counsel who filed the coordination petition, and *even to cases filed by Plaintiffs' counsel with no involvement in the petition at all*. See *Cohen-Feris v. McKesson Corp.*, 2:12-cv-09976-PSG-E, [Dkt. 27] (C.D. Cal. Jan. 23, 2015) (summarily reversing remand in light of *Corber*, 771 F.3d 1218 (9th Cir. 2014)). This aspect of *Corber*, which was not addressed by the Remand Order, renders it significantly likely that Pfizer will succeed as to mass action jurisdiction here. Indeed, while *Corber* involved mass action jurisdiction over approximately 1,500 plaintiffs who were represented by the firms in the petition at the time of removal, here, there were nearly 3,000 cases filed by the "Plaintiffs' Leadership" firms involved in the filing of petition, as well as many more cases filed by other firms subject to the same proposal. (*See* Chart of Cases, Ex. A to Declaration of JD Horton.)

*Third*, the Court granted remand due to its finding that only 65 Plaintiffs affirmatively sought to be joined to the coordination by petition or add-on petition. (Remand Order at 12-14.) However, in *Corber*, the Ninth Circuit specifically rejected "the rule urged by Plaintiffs that a petition to evoke CAFA must expressly request a 'joint trial' in order to be a proposal to try the cases jointly." *Corber v. Xanodyne Pharms., Inc.*, 771 F.3d 1218, 1223-25 (9th Cir. 2014). Rather, the Court must "carefully assess … whether, in language or substance," a joint trial was proposed. *Id.* Indeed, the Ninth Circuit found jurisdiction in *Corber* even though no add-on petition was ever filed in that case and no coordinated proceeding was even established prior to removal. *See generally id.* Instead, the *Corber* case was joined in the proposal simply because the *Corber* plaintiffs' counsel acknowledged

-4-
PFIZER'S EX PARTE MOTION FOR STAY PENDING APPEAL

in an email that he intended the petition to apply to all cases. *See* [Dkt. 13-19]; *Corber*, 771 F.3d at 1223-24; [Dkt. 13-14]. Here, the evidence of affirmative intent to coordinate is much stronger, where the vast majority of the nearly 5,000 Plaintiffs at issue filed civil cover sheets indicating the case was to be assigned to coordination, and many others attached other orders from the coordination proceeding or even identified the coordination in the caption of their complaints. (*See* Chart of Cases, Ex. A to Declaration of JD Horton.) Pfizer is therefore substantially likely to prevail on appeal on a showing that, "in language or substance," Plaintiffs proposed their claims be tried jointly.

### B. Pfizer Will Suffer Irreparable Injury Absent a Stay

A stay is warranted because "irreparable harm is probable if the stay is not granted." *Leiva-Perez*, 640 F.3d at 968. In evaluating this prong, courts must "anticipate what would happen as a practical matter following the denial of a stay." *Lair*, 697 F.3d at 1214. The interference with Pfizer's statutory right to seek appeal itself causes Pfizer irreparable harm and weighs in favor of granting the stay. As courts have recognized in other cases involving exceptions to the prohibition of review of remand orders, Pfizer will face "immediate and potentially severe" injury because a denial of the stay may render "hollow" its statutory right to appeal. *See Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 2016 WL 3346349, at *4 (E.D. Va. June 16, 2016) (federal officer removal). "To hold that a district court lacks the limited jurisdiction to stay its remand order in a [CAFA removal] case would render the statutory right to appeal [a CAFA] remand order hollow." *Raskas v. Johnson & Johnson*, 2013 WL 1818133, at *1 (E.D. Mo. Apr. 29, 2013); *see also Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Grp., Inc.*, 2005 WL 2237598, at *1 (M.D. Tenn. Sept. 12, 2005) (if stay is denied, "the case is actually remanded, and the state court proceeds to move it forward, then the appellate right would be an empty one."); *Vision Bank v. Bama Bayou, LLC*, 2012 WL 1592985, at *2 (S.D. Ala. May 7, 2012) ("Once the FDIC appealed [the

remand order], a stay order should have been issued. To do otherwise would make the right of appeal nugatory."). *Id.* (internal citations omitted).). Pfizer intends to appeal this Court's Remand Order pursuant to § 1447(d) so that this case may be heard in federal court, and Pfizer will suffer irreparable harm if denied a genuine opportunity to pursue that statutory right.

A distinct but related irreparable injury to Pfizer will also result from the extra costs and potential for inconsistent rulings that Pfizer will inevitably face if it must simultaneously litigate the appeal in federal court and the proceedings in state court. "More persuasive is the likelihood that Defendant will be irreparably harmed by the burden of having to simultaneously litigate these cases in state court and on appeal . . . , as well as the potential of inconsistent outcomes if the state court rules on any motions while the appeal is pending." *Dalton*, 2013 WL 2367837, at *2; *Raskas*, 2013 WL 1818133, at *2 ("the burden of having to simultaneously litigate these cases in state court and on appeal . . . as well as the potential of inconsistent outcomes . . . weigh in favor of granting the stays."); *Pagliara v. Fed. Home Loan Mortg. Corp.*, 2016 WL 2343921, at *3 (E.D. Va. May 4, 2016) (granting stay where movant faced "potential hardship of duplicative and inconsistent discovery obligations" from separate courts). If this Court declines to issue a stay, Pfizer may be forced to unnecessarily litigate a complex nationwide products liability litigation in state court while appealing the Remand Order in federal court, a scenario rife with potential for inconsistent rulings. In addition, because the essence of Plaintiffs' challenge to CAFA jurisdiction was that Pfizer removed these cases prematurely, the cases may later become again removable in state court, which will potentially place Pfizer in the untenable position of simultaneously litigating two separate removals of the same set of cases. A stay is warranted in order to prevent any such confusion and irreparable injury.

### C. Plaintiffs Will Not Be Harmed by a Stay

Plaintiffs will not suffer substantial injury awaiting a decision from the Ninth Circuit before resuming proceedings in state court. Plaintiffs allege only monetary harm, and a stay will not prejudice their ability to obtain legal redress. "It is generally accepted that allegations of monetary harm are not sufficient to justify a finding of irreparable injury." *See, e.g.*, *United States v. Nevada*, 2007 WL 2659984, at \*14 (D. Nev. Aug. 31, 2007) (citing *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980)). Since these cases have been stayed since 2014 at Plaintiffs' request, there is no additional harm to Plaintiffs in a further stay pending final resolution of any issues of subject matter jurisdiction. In fact, "plaintiffs' interests would actually be served by granting a stay. Neither party would be required to incur additional expenses from simultaneous litigation before a definitive ruling on appeal is issued." *Raskas*, 2013 WL 1818133, at \*2. Waiting for Pfizer's appeal to conclude will not cause the Plaintiffs substantial harm and all parties benefit from avoiding duplicative litigation costs and the risk of inconsistent rulings.

### D. The Public Interest Supports a Stay

Granting a stay pending appeal would not just benefit the parties here, for "public interest favors granting a stay because it would avoid potentially duplicative litigation in the state courts and federal courts, thereby conserving judicial resources and promoting judicial economy." *Raskas*, 2013 WL 1818133, at \*2; *see also Dalton*, 2013 WL 2367837, at \*2. There is also a public interest in "CAFA's primary objective" of "'ensuring Federal court consideration of interstate cases of national importance.'" *Knowles*, 133 S. Ct. at 1350. The right of appeal for removals made pursuant to the CAFA is one of two exceptions to the general rule that remand orders cannot be appealed. To allow state court proceedings to continue, amidst appellate review of removal, frustrates Congress's explicit intent to make CAFA remand orders appealable.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Pfizer's ex parte application and stay the Remand Order pending disposition by the Ninth Circuit of Pfizer's forthcoming motion for permission to appeal.

Dated: May 23, 2017

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

By:  /s/ JD Horton
         JD Horton

*Attorneys for Defendant Pfizer Inc.*

# APPENDIX A

Pfizer provided oral telephonic notice of this application to the following counsel of record:

| *For Plaintiffs:* | *For Defendant McKesson Corp.:* |
|---|---|
| Justin R. Kaufman<br>**ROBINS CLOUD**<br>505 Cerrillos Road, Suite A209<br>Santa Fe, NM 87501<br>(505) 986-0600 | Emma Elizabeth Garrison<br>**WHEELER TRIGG O'DONNELL LLP**<br>370 Seventeenth Street<br>Suite 4500<br>Denver, Colorado 80202<br>303.244.1878 |
| Charles G. Orr<br>**THE MULLIGAN LAW FIRM**<br>3710 Rawlins Street, Suite 901<br>Dallas, TX 75219<br>(214) 219-9779 | *For Defendant Kaiser Permanente:*<br><br>Sally Hosn<br>**YANG PROFESSIONAL LAW CORPORATION**<br>80 S. Lake Avenue, Suite 820<br>Pasadena, California 91101<br>626-921-4300 |
| Laura Baughman<br>**BARON & BUDD, P.C.**<br>3102 Oak Lawn Ave, Suite 1100<br>Dallas, TX 75219<br>(214) 521-3605 | |
| Cherisse Cleofe<br>**KIESEL LAW LLP**<br>8648 Wilshire Boulevard<br>Beverly Hills, CA 90211<br>(310) 854-4444 | |
| William B. Curtis<br>**CURTIS LAW GROUP**<br>12225 Greenville Ave, Suite 750<br>Dallas, TX 75243<br>214-890-1000 | |
| Christopher J. Quinn<br>**THE DRISCOLL FIRM** | |

1  211 North Broadway
2  40th Floor
   Saint Louis, MO 63102
3  (314) 932-3232

4
   Casey Aron Kaufman
5  **THE BRANDI LAW FIRM**
   354 Pine Street
6  Third Floor
7  San Francisco, CA 94104
   (415) 989-1800
8

9  Donald S. Edgar
   **EDGAR LAW FIRM**
10 408 College Avenue
11 Santa Rosa, CA 95401
   (707) 545-3200
12

13 Michael Akselrud
   **LANIER LAW FIRM**
14 10866 Wilshire Blvd., Suite 400
15 Los Angeles, CA 90024
   (310) 277-5100
16

17 Baird A. Brown
   **BAIRD A. BROWN LAW OFFICES**
18 3055 Wilshire Blvd., Suite 1200
19 Los Angeles, CA 90010
   (213) 487-8880
20

21 Dan Gruber
   **GRUBER & GRUBER**
22 15165 Ventura Blvd., Suite 400
23 Sherman Oaks, CA 91403
   (818) 981-0066
24

25 Keith L. Altman
   **THE LAW OFFICES OF KEITH ALTMAN**
26
27 32250 Calle Avella
28 Temecula, CA 92591

| | |
|---|---|
| 1 | (516) 456-5885 |
| 2 | |
| | Jennifer Williams |
| 3 | **JACKSON ALLEN & WILLIAMS, LLP** |
| 4 | |
| | 3838 Oak Lawn Ave., Suite 1100 |
| 5 | Dallas, TX 75219 |
| | (214) 521-2300 |
| 6 | |
| 7 | Lisa A. Gorshe |
| | **JOHNSON BECKER PLLC** |
| 8 | 444 Cedar Street, Suite 1800 |
| 9 | St. Paul, MN 55101 |
| | (612) 436-1800 |
| 10 | |
| 11 | Crystal Gayle Foley |
| | **SIMMONS HANLY CONROY LLC** |
| 12 | 100 North Sepulveda Blvd., Suite 1350 |
| 13 | El Segundo, CA 90245 |
| | (310) 322-3555 |
| 14 | |
| 15 | Ellen A. Presby |
| | **NEMEROFF LAW FIRM** |
| 16 | 2626 Cole Avenue, Suite 450 |
| 17 | Dallas, TX 75204 |
| | (214) 774-2258 |
| 18 | |
| 19 | Amorina Patrice Lopez |
| | **LOPEZ McHUGH LLP** |
| 20 | 100 Bayview Circle, Suite 5600 |
| 21 | Newport Beach, CA 92660 |
| | (949) 737-1501 |
| 22 | |
| 23 | Jeffrey Raizner |
| | **RAIZNER SLANIA LLP** |
| 24 | 2402 Dunlavy St. |
| 25 | Houston, TX 77006 |
| | (713) 554-9099 |
| 26 | |
| 27 | |
| 28 | |